STATE OF NORTH CAROLINA v. BYRON CARLTON CUMBER

No. 73

(Filed 15 December 1971)

**1. Criminal Law § 162— ground of objection to evidence**

    The trial court, upon inquiry, is entitled to know the ground upon which an objection is interposed, and if counsel specifies one ground, he cannot be heard to urge a different ground upon appeal.

**2. Criminal Law § 84— objection to admission of exhibits — grounds stated — failure to hold voir dire hearing on search and seizure**

    Where defendant's objection to the introduction of stolen property found in defendant's station wagon was directed specifically to the sufficiency of the identification of some of the property, the trial court was not required to conduct a voir dire hearing to determine whether the property was obtained by an illegal search and seizure.

**3. Criminal Law § 146— appeal from Court of Appeals to Supreme Court — substantial constitutional question — failure to raise question in trial court**

    Purported appeal as of right to the Supreme Court from the Court of Appeals is dismissed for failure to present a substantial constitu-

tional question where the constitutional question upon which defendant relies to sustain his appeal—illegal search and seizure—was not raised in the trial court.

APPEAL by defendant from decision of the Court of Appeals upholding judgment of *Cowper, J.*, at the 26 October 1970 Criminal Session, NEW HANOVER Superior Court.

Defendant was charged in separate bills of indictment with breaking and entering two school buildings in New Hanover County on the night of 27 September 1970, and larceny of property from each school. At the trial in superior court, defendant was represented by counsel of his choice, James Larrick and John Newton of the New Hanover Bar.

Jackie Watts, defendant's nephew, was a principal witness for the State. He testified that near dark on 27 September 1970 he and his two uncles, defendant and James Cumber, left their homes in Wilmington to return to Petersburg, Virginia, where they were employed. The three men were traveling in defendant's station wagon with Watts driving. On their way out of town Watts stopped the station wagon twice "because they wanted to stop." Each stop was near a school building, and defendant left the vehicle on each occasion. The first time he returned in about twenty minutes with a radio which he put in the vehicle. The second time defendant was gone about an hour and returned with a typewriter and an adding machine which he put in the station wagon. The three men then left that area and drove to the Martha Ann Restaurant in Hampstead where defendant and James Cumber again left the vehicle and started walking down the road. Watts drove the station wagon to a nearby picnic area to await their return. He had been parked there about an hour when Patrolman Talbert came and took him into custody. The radio, typewriter and adding machine offered in evidence by the State are the same items defendant placed in the station wagon when he returned from the two school buildings.

Patrolman Talbert testified that he went to the picnic area about 11:15 p.m. in response to a call and found Jackie Watts sitting in a station wagon under the wheel. In the back seat and cargo area of the vehicle he observed a Remington typewriter, two table model radios and "an adding machine cover, looked like it was full." The officer stated that "it was in plain view

State v. Cumber

when he went up to the car and talked to Watts." Officer Talbert called the Sheriff's Department and Detective Padgett came to the picnic area and drove the station wagon to the Martha Ann Restaurant.

Norman Kimbrough, Principal of the Ogden Elementary School, testified that he went to the Ogden School on Sunday night, 27 September 1970, in response to a call from the Sheriff's Department. He found the school building had been entered and a typewriter, an adding machine, a radio, two stopwatches, and a small amount of petty cash were missing. This witness stated that he then accompanied two deputy sheriffs to Topsail School where he saw the missing property in the back of a station wagon. He identified the typewriter by serial number which matched the serial number on a card file maintained by the school. He identified the adding machine as the property of Ogden School and pointed out, in fact, that the name of the school was stenciled on the bottom of the machine with a Magic Marker. He also identified the radio and stopwatches as the property of Ogden School.

Lawrence Fladd, Principal of Bradley Creek School, testified that the window had been broken in his office door at the school, the office entered, and a radio and a flashlight taken. The witness identified State's Exhibit No. 5 as the radio taken from a shelf in his office, and identified State's Exhibit No. 6 as the flashlight he left in an unlocked safe at the school. The witness further stated that about $2.50 in cash was missing.

The stolen articles were offered by the State and admitted into evidence over defendant's objection.

Defendant did not testify as a witness in his own behalf but offered several witnesses, including his wife, whose testimony tended to establish an alibi.

The jury convicted defendant on both counts in each case. Defendant appealed from judgments pronounced, and the Court of Appeals found no error, 11 N.C. App. 302, 181 S.E. 2d 218. This Court denied defendant's petition for certiorari to the Court of Appeals to review its decision; and defendant, allegedly as of right, appealed to the Supreme Court asserting involvement of a substantial constitutional question.

Upon a finding of indigency following trial, defendant's present counsel were appointed by the court to perfect his appeal.

*Norman B. Smith and Michael K. Curtis (Smith & Patterson) Attorneys for defendant appellant.*

*Robert Morgan, Attorney General, and Roy A. Giles, Jr., Staff Attorney, for the State of North Carolina.*

HUSKINS, Justice.

In establishing the North Carolina Court of Appeals, defining its jurisdiction, and providing a system of appeals, the General Assembly followed the basic principle that there should be only one trial on the merits and one appeal on the law, *as of right,* in every case. Consequently, double appeals as of right—first to the Court of Appeals and then to the Supreme Court—are authorized only in three instances specified by G.S. 7A-30. Here, defendant seeks to qualify for a double appeal as of right on the first ground listed in that statute, *i.e.,* involvement of a substantial question arising under the Constitution of the United States or of this State.

The record reveals that after the two school principals had identified the typewriter, adding machine, radios and other property owned by the schools, and after one of the principals had testified that he observed these items in defendant's station wagon on the night of 27 September 1970, the State tendered the various items in evidence. This tender evoked the following colloquy:

"MR. COBB [the solicitor] : I would like to introduce this evidence and these exhibits into evidence.

"MR. NEWTON [defense counsel] : Objection.

"COURT: On what grounds?

"MR. NEWTON: Especially the last two at Bradley Creek; been no positive identification of those, just common items.

"COURT: Overruled.

"MR. COBB: I would like to introduce them at this time.

"COURT: All right."

Defendant contends in this Court, as he did in the Court of Appeals, that the foregoing objection required the trial judge to conduct a voir dire to determine whether the officers obtained the stolen property by an illegal search of his station wagon in violation of the Fourth and Fourteenth Amendments to the Federal Constitution. The Court of Appeals rejected this contention and so do we.

[1] Defendant's objection was directed specifically to an alleged lack of proper identification of some of the stolen property. Had an allegedly illegal search and seizure been the basis of the objection, counsel would certainly have said so when answering the court's inquiry. The law does not require trial judges to be clairvoyant and omniscient. Neither does it permit defense counsel to play hide and seek with objections. The trial court, upon inquiry, is entitled to know the ground upon which an objection is interposed; and if counsel specifies one ground, he cannot be heard to urge a different ground on appeal. "When the objection is made, the court may, in all cases, require the grounds of objection to be stated, and only those stated can be made the subjects of exception and review." *State v. Wilkerson,* 103 N.C. 337, 9 S.E. 415 (1889). As aptly stated in *Gidney v. Moore,* 86 N.C. 484 (1882), "although a general objection to obnoxious evidence will be sustained when no ground has been assigned, if upon any ground it ought to have been rejected, yet when the ground of the objection can be fairly inferred from the record as understood by the parties at the time, another cannot be assigned in the reviewing court. The ground of exception is to be deemed on appeal a part of the exception itself."

[2] When these legal principles are applied to the record in this case, it is abundantly clear that the constitutional question upon which defendant relies to sustain his double appeal *as of right* was not raised in the trial court. The trial judge had no occasion to conduct a voir dire on the question of search and seizure, and his failure to do so was not error. That belated constitutional question was injected for the first time on appeal to the Court of Appeals and therefore came too late. It was not properly before that court and is not now properly before us. "The attempt to smuggle in new questions is not approved. *Irvine v. California,* 347 U.S. 128, 129. Appellate courts will not ordinarily pass upon a constitutional question unless it affirmatively appears that such question was raised and passed

upon in the trial court. *State v. Jones,* 242 N.C. 563, 564, 89 S.E. 2d 129. This is in accord with the decisions of the Supreme Court of the United States. *Edelman v. California,* 344 U.S. 357, 358." *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1 (1959). *Accord, State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968).

[3] Having failed to show involvement of a substantial constitutional question which was raised and passed upon in the trial court and properly brought forward for consideration by the Court of Appeals, no legal basis exists for this appeal to the Supreme Court, and it must therefore be dismissed.

Appeal dismissed.