STATE OF NORTH CAROLINA v. TOMMY RAY BRASWELL

No. 66

(Filed 9 May 1973)

1. **Criminal Law §§ 143, 145.1— revocation of probation — jurisdiction for proceedings**

Under G.S. 15-200 the resident judge of a judicial district, the judge holding the courts of a judicial district, or any judge commis-

State v. Braswell

sioned at the time to hold court in a judicial district is clothed with jurisdiction to conduct a revocation hearing with respect to all probationers who reside in the district or who were placed on probation in any county in the district or who violated the conditions of probation in any county in the district; therefore, the judge in this case could properly hold revocation proceedings in superior court of Lincoln County, though defendant was placed on probation in proceedings in superior court in Gaston County, since both those counties are in the same judicial district and since the judge presiding over the revocation proceedings was duly commissioned to hold the courts of that district at that time.

2. **Constitutional Law § 29; Criminal Law §§ 143, 145.1— revocation of probation proceedings — no denial of constitutional rights**

    G.S. 15-200 providing procedures for revocation of probation does not involve defendant's Sixth Amendment rights since a hearing to determine whether the terms of a suspended sentence have been violated is not a criminal prosecution and is not a jury matter.

3. **Criminal Law § 143, 145.1— suspended sentence upon conditions — violation — activation of sentence**

    Where defendant's sentence was suspended upon the usual conditions including (1) that he pay court costs, (2) that he work faithfully at suitable, gainful employment and (3) that he neither own, possess nor be involved with any drugs except as may be prescribed by a physician, the conditions were reasonable, and defendant's breach of all three supported an order activating the sentence.

4. **Criminal Law § 169— statement made by defendant without counsel — no prejudicial error**

    Admission of a probation officer's testimony concerning defendant's statement made to a judge at a time when defendant was not represented by counsel that he had been taking Methadone in violation of his probation conditions, if erroneous, was harmless beyond a reasonable doubt where there was plenary evidence that defendant had committed violations of all three of the conditions of his probation, any one of which sufficed to invoke the suspended sentence.

APPEAL by defendant from judgment of *Martin, J.*, 9 October 1972 Session of LINCOLN Superior Court.

On 8 June 1972 in the Superior Court of Gaston County defendant entered a plea of guilty to the possession of eight hypodermic syringes and thirty-three needles in violation of G.S. 90-108 (now G.S. 90-113.4). Defendant was sentenced to prison for not less than two nor more than three years, suspended for a period of five years and defendant placed on probation upon conditions named in the judgment. These conditions included (1) payment of the costs, (2) faithfully working at gainful employment, and (3) that he not have, possess, or be in-

volved with any alcoholic beverages or drugs except as prescribed by a physician.

On 11 October 1972 defendant's probation officer served a bill of particulars on defendant pursuant to G.S. 15-200.1 advising him that the officer intended to submit to the judge presiding over the Superior Court of Lincoln County at the 12 October 1972 Session a report of alleged violations of the terms and conditions of probation which, if found true by the judge, would constitute authority for the judge to revoke probation and put the suspended prison sentence into effect. A copy of the verified report of alleged violations was furnished defendant. The probation officer alleged, and testified under oath at the hearing before Judge Martin in Lincoln Superior Court on 12 October 1972, that defendant had violated the terms of his probation by failing to pay the costs, failing to work faithfully at suitable, gainful employment and save his earnings above reasonable, necessary expenses, and that at the 3 October 1972 Session of Gaston Superior Court defendant advised Judge Martin, then presiding, in open court that he had been using Methadone during the period of probation in violation of the probation judgment.

Defendant was not represented by counsel on 3 October 1972 when he talked to Judge Martin in Gaston Superior Court. However, counsel was appointed to represent him at the revocation hearing before Judge Martin in the Superior Court of Lincoln County. At the conclusion of said hearing, Judge Martin found facts substantially as hereinabove recited and concluded that defendant had willfully and without lawful excuse violated the terms and conditions of the probation judgment by (a) failing to pay the costs, (b) failing to work faithfully at gainful employment, and (c) using Methadone during the period of probation. Judge Martin thereupon, in his discretion, revoked the probation and ordered the prison sentence of not less than two nor more than three years into immediate effect. Defendant appealed to the Court of Appeals, and the case was transferred to the Supreme Court before determination pursuant to the provisions of G.S. 7A-31(b) (4). Errors assigned will be noted in the opinion.

*Garland & Alala by Richard L. Voorhees, for defendant appellant.*

*Robert Morgan, Attorney General, and Henry E. Poole, Associate Attorney, for the State of North Carolina.*

---

State v. Braswell

---

HUSKINS, Justice.

Defendant's first assignment of error is based on the contention that Judge Martin was without jurisdiction to hear and determine the prayer for revocation of probation in *Lincoln County.* Defendant argues that jurisdiction lies only in the county where the probationer (1) resides, (2) was placed on probation, or (3) violated the probation. If the statute is construed to require only that the revocation hearing be held in the *judicial district,* rather than in the county, in which the probationer resides, was placed on probation, or violated his probation, then defendant contends the statute violates the Sixth Amendment to the Federal Constitution.

G.S. 15-200, dealing with termination of probation, arrests, and subsequent disposition of probationary judgments, contains the following language: "Such probation officer shall forthwith report such arrest [of probationer] . . . in superior court cases to the judge holding the courts of the district, or the resident judge, or any judge commissioned at the time to hold court in said district, and submit in writing a report showing in what manner the probationer has violated probation. Upon such arrest, with or without warrant, the court shall cause the defendant to be brought before it in or out of term and may revoke the probation or suspension of sentence, and shall proceed to deal with the case as if there had been no probation or suspension of sentence."

This statute further provides that where a probationer resides in, or violates the terms of his probation in, *a county and judicial district* other than that in which the probationer was placed on probation, "concurrent jurisdiction is hereby vested in the resident judge of superior court of the district in which said probationer resides or in which he violates the terms of his probation, or the judge of superior court holding the courts of such district, or a judge of the superior court commissioned to hold court in such district, . . . to revoke probation and enter judgment or put into effect suspended sentences of probation judgment, for breach of the conditions of probation, as fully as same might be done by the courts of the county and district in which such probationer was placed on probation, when such probationer was originally placed on probation by a superior court judge; provided, that the court may, in its discretion, for good cause shown, and shall on request of the probationer, return such probationer for hearing and disposition to the county

or judicial district in which such probationer was originally placed on probation; provided, that in cases where the probation is revoked in a county other than the county of original conviction, the clerk in such county revoking probation may record the order of revocation in the judge's minute docket, which shall constitute sufficient permanent record of the proceedings in that court, . . . and shall send the original order revoking probation and all other papers pertaining thereto, to the county of original conviction to be filed with the original records. . . ."

The Twenty-seventh Judicial District of North Carolina is composed of the counties of Cleveland, Gaston and Lincoln. G.S. 7A-41. We take judicial notice of the fact that Judge Harry C. Martin was commissioned to hold the courts of that district in October 1972.

[1]  We hold that under G.S. 15-200 the resident judge of a judicial district, the judge holding the courts of a judicial district, or any judge commissioned at the time to hold court in a judicial district, is clothed with jurisdiction to conduct a revocation hearing with respect to all probationers who reside in the district or who were placed on probation in any county in the district or who violated the conditions of probation in any county in the district. Where, as here, such hearing is conducted after notice to the probationer with a bill of particulars as required by G.S. 15-200.1 and G.S. 15-200.2, the judge may revoke probation for breach of the conditions and enter judgment putting into effect a prison sentence theretofore suspended. The action taken by Judge Martin in this case is fully authorized by G.S. 15-200.

We find nothing in the record to indicate that the constitutionality of G.S. 15-200 was raised or passed upon in the court below. Ordinarily, appellate courts will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the trial court. *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129 (1955); *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1 (1959); *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968); *State v. Cumber,* 280 N.C. 127, 185 S.E. 2d 141 (1971); *State v. Hudson,* 281 N.C. 100, 187 S.E. 2d 756 (1972). This accords with decisions of the Supreme Court of the United States. *Edelman v. California,* 344 U.S. 357, 97 L.Ed. 387, 73 S.Ct. 293 (1953).

[2]   Even so, consideration of the constitutional question on its merits would lead to the same result. The Sixth Amendment, which guarantees to the accused "in all criminal prosecutions" a speedy and public trial "by an impartial jury of the state and district wherein the crime shall have been committed," is inapposite here. A hearing to determine whether the terms of a suspended sentence have been violated is not a "criminal prosecution," *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967), and is not a jury matter. *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736 (1961). Thus, Sixth Amendment rights of this defendant are not involved.

Defendant's first assignment of error requires no further discussion. For lack of merit it is overruled.

[3]   Defendant next contends the conditions contained in the original probation judgment upon which the prison sentence was suspended were unreasonable in view of his known status as a drug addict. He argues that since he had been medically determined to be a drug dependent it was an unreasonable condition of probation to require that he refrain from the use of drugs other than those prescribed by a physician.

It suffices to say that the prison sentence here was suspended upon the usual conditions of probation which included the following: (1) That he pay the costs amounting to $51.00, (2) that he work faithfully at suitable, gainful employment and save his earnings above his reasonably necessary expenses, and (3) that he neither own, possess nor be involved with any drugs except as may be prescribed by a physician. Evidence adduced at the revocation hearing shows that the costs were not paid; that defendant voluntarily quit his employment at Rex Mill on 30 June 1972, after having worked only ten days, and was not thereafter employed anywhere else although he was able to work; and that he had been using Methadone during the period of probation, obtaining said drug "off the streets" and not by a physician's prescription. Defendant offered no evidence in denial or contradiction.

Thus all three of the conditions were breached and Judge Martin so found. The breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence. *State v. Seagraves,* 266 N.C. 112, 145 S.E. 2d 327 (1965). Further discussion of this assignment to demonstrate its lack of merit is unnecessary. For cases discussing

conditions of suspension and probation considered "unreasonable" in a legal or constitutional sense, see *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778 (1970) ; *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651 (1966) ; *State v. Doughtie,* 237 N.C. 368, 74 S.E. 2d 922 (1953). Defendant's second assignment of error is overruled.

[4]   Finally, defendant contends his prior statements to Judge Martin in Gaston Superior Court on 3 October 1972, at a time when he was not represented by counsel, were erroneously taken into consideration by Judge Martin at the revocation hearing and resulted in revocation of his probation.

The record does not disclose the circumstances under which defendant told Judge Martin in Gaston Superior Court on 3 October 1972 that he had been using Methadone while on probation. He may or may not have been entitled to counsel at that time—a question we need not decide. In our view the occurrence was harmless. At the revocation hearing the probation officer testified in detail regarding other violations of the conditions of probation, any one of which sufficed to invoke the suspended sentence. Defendant's statement to Judge Martin in the probation officer's presence on 3 October 1972 that he had been taking Methadone was merely cumulative and simply added one more violation to others already established. Admission of the probation officer's testimony concerning defendant's statement, even if erroneous which is not conceded, was harmless beyond a reasonable doubt. *Harrington v. California,* 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726 (1969) ; *Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967) ; *State v. Fletcher and Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). This assignment of error is overruled.

Judge Martin had before him the verified report of the probation officer detailing the alleged violations of the conditions of probation. The probation officer took the witness stand and testified under oath concerning each alleged violation. Defendant was represented by counsel who cross-examined the probation officer. Defendant neither testified nor offered evidence to contradict or refute the alleged violations. "The basic purpose of a trial is the determination of truth. . . . " *Tehan v. Shott,* 382 U.S. 406, 15 L.Ed. 2d 453, 86 S.Ct. 459 (1966). The truth in this matter is that defendant breached the conditions upon which his prison sentence was suspended in that, without lawful excuse, he failed to pay the costs, he voluntarily quit

his job without notice after working only ten days and thereafter spent his time in idleness while pursuing his vicious drug habit. Judge Martin's order revoking probation and placing the prison sentence into immediate effect is

Affirmed.