IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-352

 No. COA20-24

 Filed 20 July 2021

 Columbus County, No. 13 CRS 050656

 STATE OF NORTH CAROLINA

 v.

 GERALD LAMONT HEMINGWAY, Defendant.

 Appeal by Defendant from judgment entered 14 August 2019 by Judge Douglas

 B. Sasser in Columbus County Superior Court. Heard in the Court of Appeals 22

 September 2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Narcisa
 Woods, for the State.

 Yoder Law PLLC, by Jason Christopher Yoder, for defendant-appellant.

 MURPHY, Judge.

¶1 The trial court could not revoke Defendant’s probation solely for a positive drug

 test. However, the trial court did not abuse its discretion when it revoked his

 probation for a violation of N.C.G.S. § 15A-1343(b)(1). There is sufficient evidence in

 the Record to support the trial court’s finding that Defendant committed new criminal

 offenses in violation of N.C.G.S. § 15A-1343(b)(1).
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

¶2 Before denying Defendant the opportunity to confront and cross examine an

 adverse witness, the trial court must make a finding of good cause pursuant to

 N.C.G.S. § 15A-1345(e). When the trial court does not exercise its discretion, we

 cannot determine whether it abused its discretion and the case must be remanded to

 the trial court for further findings. Here, based upon our review of the Record, it does

 not appear as though the trial court exercised its discretion in determining whether

 good cause exists.

 BACKGROUND

¶3 In August 2017, Defendant Gerald Lamont Hemingway pled guilty to one

 count of possession with intent to sell or distribute marijuana. Defendant was

 sentenced to 8 to 19 months in prison and his sentence was suspended for 24 months

 of supervised probation. As part of the standard conditions of his probation (AOC-

 CR-603C), Defendant was not to commit any criminal offense in any jurisdiction and

 Defendant could “[n]ot use, possess, or control any illegal drug or controlled substance

 unless it ha[d] been prescribed for [him] by a licensed physician and [was] in the

 original container with the prescription number affixed on it[.]” See N.C.G.S. § 15A-

 1343(b)(15) (2019).

¶4 The State alleged Defendant violated the conditions of his probation in two

 violation reports by (1) committing new criminal offenses; and (2) testing positive for

 cocaine. Paragraph 3 of the Violation Report dated 20 March 2018 alleges:
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 Of the conditions of probation imposed in that judgment,
 [Defendant] has willfully violated:

 ...

 3. General Statute 15A-1343(b)(1) “Commit no criminal
 offense in any jurisdiction” in that [Defendant] HAS THE
 FOLLOWING CHARGES THAT ARE VIOLATIONS OF
 [Defendant’s] CURRENT PROBATION: 18CR050542
 FELONY POSSESSION OF COCAINE, MAINTAIN
 VEH/DWELL/PLACE CS (F) OFFENSE DATE [13 March
 2018];

 18CR050550 (F) CONSPIRE TO TRAFFIC IN COCAINE
 OFFENSE DATE [13 March 2018]

 18CR050551 (F) SELL COCAINE, MAINTAIN
 VEH/DWELL/PLACE CS (F)
 OFFENSE DATE [12 March 2018]

 18CR050552 (F) SELL COCAINE, MAINTAIN
 VEH/DWELL/PLACE CS (F)
 OFFENSE DATE [12 March 2018]

 18CR050557 (F) CONSPIRE TO TRAFFIC COCAINE
 (F) CONSPIRE TO TRAFFIC COCAINE OFFENSE
 DATE [13 March 2018]

 18CR050558 (F) SELL OR DELIVER COUNTERFEIT CS
 (F) PWISD COUNTERFEIT CS OFFENSE DATE [13
 March 2018]

Paragraph 1 of the Violation Report dated 4 April 2018 alleges:

 Of the conditions of probation imposed in that judgment,
 [Defendant] has willfully violated:

 1. Condition of Probation “Not use, possess or control any
 illegal drug or controlled substance unless it has been
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 prescribed for [Defendant] by a licensed physician and is in
 the original container with the prescription number affixed
 on it . . .” in that
 [Defendant] TESTED POSITIVE FOR COCAINE ON [4
 April 2018].

¶5 A properly noticed probation violation hearing was held on 14 August 2019. At

 the probation violation hearing, Probation Officer Amy Cartrette (“Cartrette”)

 testified Defendant tested positive for cocaine on 4 April 2018, but Defendant had

 denied using cocaine. Lieutenant Barett Thompson (“Lieutenant Thompson”) also

 testified about two purchases he initiated with Defendant through a paid informant.

 The paid informant did not testify at the probation violation hearing.

¶6 Both purchases occurred on 12 March 2018. After meeting with Defendant at

 his residence, the paid informant returned to a predetermined area to meet

 Lieutenant Thompson. Lieutenant Thompson and other officers searched the paid

 informant and found a “white powder substance” from the “agreed-upon transaction

 between the [paid informant] and the target, [Defendant].” Later in the afternoon on

 12 March 2018, the paid informant went back to Defendant’s residence to conduct a

 second purchase.

¶7 These purchases were used as the basis for obtaining a search warrant for

 Defendant’s house, where Lieutenant Thompson found

 a pair of pants that [Defendant] stated were his pants.
 They contained $625[.00] in cash in the pocket. Located in
 the bathroom were three small off-white rocks and a small
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 bag of green leafy substance. . . . All the evidence was
 placed in the Evidence of Columbus County Sheriff’s Office,
 and $500[.00] of the $625[.00] in the pants pocket matched
 the source buy money used from the day before.

 Defendant was subsequently charged with possession of cocaine, possession of

 marijuana, maintaining a dwelling place, and sale and delivery of cocaine.

¶8 The trial court revoked Defendant’s probation, finding:

 3. The condition(s) violated and the facts of each violation
 are as set forth . . .

 a. In Paragraph(s) 3 of the Violation Report or Notice dated
 [20 March 2018].

 b. In Paragraph(s) 1 of the Violation Report or Notice dated
 [4 April 2018].

 ...

 4. Each of the conditions violated as set forth above is valid;
 [Defendant] violated each condition willfully and without
 valid excuse; and each violation occurred at a time prior to
 the expiration or termination of the period of [Defendant]’s
 probation.

 Each violation is, in and of itself, a sufficient basis upon
 which this [c]ourt should revoke probation and activate the
 suspended sentence.

¶9 According to the trial court’s written findings, Defendant’s probation was

 revoked for (1) committing new criminal offenses and (2) testing positive for cocaine.

 However, at the probation revocation hearing, the judge orally stated “[t]he basis of

 the revocation is that [Defendant] has committed a new criminal offense.” Defendant
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 timely appealed and requests the judgment be vacated and his case be remanded for

 a new probation revocation hearing.

 ANALYSIS

¶ 10 Defendant argues the trial court erred in revoking his probation and he is

 entitled to a new probation violation hearing. Specifically, Defendant argues

 pursuant to the Justice Reinvestment Act (“JRA”), 2011 N.C. Sess. Laws 192, his

 probation cannot be revoked solely for a positive drug test; there was insufficient

 evidence for the trial court to conclude Defendant had committed new crimes, namely

 the sale, delivery and/or possession of illegal narcotics; and he was deprived of his

 constitutional right to confrontation pursuant to the Due Process Clause, as well as

 his statutory right to confrontation in a probation revocation hearing pursuant to

 N.C.G.S. § 15A-1345(e).

 A. Positive Drug Test

¶ 11 We agree with Defendant in that the trial court “erred in revoking [his]

 probation after finding that [Defendant] ‘tested positive for cocaine on [4 April 2018].’”

 To revoke a defendant’s probation, the trial court need only
 find that the defendant has willfully violated a valid
 condition of probation or that the defendant has violated
 without lawful excuse a valid condition upon which the
 sentence was suspended. Additionally, once the State has
 presented competent evidence establishing a defendant’s
 failure to comply with the terms of probation, the burden
 is on the defendant to demonstrate through competent
 evidence an inability to comply with the terms. If the trial
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 court is then reasonably satisfied that the defendant has
 violated a condition upon which a prior sentence was
 suspended, it may within its sound discretion revoke the
 probation.

 State v. Stephenson, 213 N.C. App. 621, 624, 713 S.E.2d 170, 173 (2011) (internal

 citations and marks omitted). Further, pursuant to the JRA,

 for violations occurring on or after 1 December 2011, the
 trial court may only revoke a defendant’s probation where
 the defendant (1) commits a new criminal offense in
 violation of [N.C.G.S.] § 15A-1343(b)(1); (2) absconds by
 willfully avoiding supervision or by willfully making the
 defendant’s whereabouts unknown to the supervising
 probation officer, in violation of [N.C.G.S.] § 15A-
 1343(b)(3a); or (3) violates any condition after previously
 serving two periods of confinement in response to
 violations (“CRV”) pursuant to [N.C.G.S.] § 15A-1344(d2).

 State v. Krider, 258 N.C. App. 111, 113-14, 810 S.E.2d 828, 830, modified and aff’d

 per curiam, 371 N.C. 466, 818 S.E.2d 102 (2018) (internal citations and marks

 omitted); see Justice Reinvestment Act, 2011 N.C. Sess. Laws 192. “For all other

 violations, the trial court may either modify the conditions of the defendant’s

 probation or impose a 90-day period of CRV.” Id. at 114, 810 S.E.2d at 830.

¶ 12 N.C.G.S. § 15A-1343(b) sets out regular conditions of probation that “apply to

 each defendant placed on supervised probation unless the presiding judge specifically

 exempts the defendant from one or more of the conditions in open court and in the

 judgment of the court[,]” including:
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 (b) Regular Conditions. -- As regular conditions of
 probation, a defendant must:

 (1) Commit no criminal offense in any jurisdiction.

 ...

 (15) Not use, possess, or control any illegal drug or
 controlled substance unless it has been prescribed for him
 or her by a licensed physician and is in the original
 container with the prescription number affixed on it; not
 knowingly associate with any known or previously
 convicted users, possessors, or sellers of any such illegal
 drugs or controlled substances; and not knowingly be
 present at or frequent any place where such illegal drugs
 or controlled substances are sold, kept, or used.

 N.C.G.S. § 15A-1343 (2019).

¶ 13 While at the probation revocation hearing, the judge orally stated “[t]he basis

 of the revocation is that [Defendant] has committed a new criminal offense[,]” the

 trial court’s written findings found Defendant’s probation was revoked for (1)

 committing new criminal offenses and (2) testing positive for cocaine. “[I]f there is

 some conflict between oral findings and ones that are reduced to writing, the written

 order controls for purposes of appeal.” State v. Johnson, 246 N.C. App. 677, 684, 783

 S.E.2d 753, 759 (2016); see Durham Hosiery Mill Ltd. P’ship v. Morris, 217 N.C. App.

 590, 593, 720 S.E.2d 426, 428 (2011) (“The general rule is that the trial court’s written

 order controls over the trial judge’s comments during the hearing.”). Accordingly, the

 written order controls and our analysis is based on the trial court revoking
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 Defendant’s probation for committing new criminal offenses in violation of N.C.G.S.

 § 15A-1343(b)(1) and testing positive for cocaine in violation of N.C.G.S. § 15A-

 1343(b)(15).

¶ 14 Defendant is correct that pursuant to the JRA, his probation cannot be revoked

 solely for his violation of N.C.G.S. § 15A-1343(b)(15).1 However, Defendant’s

 probation may have been properly revoked where there was sufficient evidence to

 show Defendant committed new crimes in violation of N.C.G.S. § 15A-1343(b)(1). See

 Krider, 253 N.C. App. at 113-14, 310 S.E.2d at 830 (“[T]he trial court may . . . revoke

 a defendant’s probation where the defendant . . . commits a new criminal offense in

 violation of [N.C.G.S.] § 15A-1343(b)(1)[.]”).

¶ 15 Although the trial court’s order indicated “[e]ach violation is, in and of itself, a

 sufficient basis upon which this [c]ourt should revoke probation and activate the

 suspended sentence[,]” Defendant’s positive drug test, “in and of itself,” is not a

 sufficient basis upon which the trial court could revoke probation. The trial court’s

 finding this violation is adequate to revoke probation is reversed.

 1 In his brief, Defendant also contends “the trial court lacked jurisdiction to revoke

 [Defendant’s] probation based on the violations alleged in paragraph one of the [4] April 2018
 violation report.” The trial court was certainly without statutory authority to revoke his
 probation merely for a positive drug test. However, the lack of authority to invoke a certain
 remedy does not impact the trial court’s jurisdiction over the alleged probation violation. The
 improper use of an unauthorized remedy is an error of law, reviewable and correctable on
 appeal, which does not equate to the power of the trial court to act in the first place.
 Defendant’s argument as to lack of jurisdiction is without merit.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 B. New Criminal Offenses

¶ 16 Defendant argues there was insufficient evidence for the trial court to conclude

 he committed new criminal offenses in violation of N.C.G.S. § 15A-1343(b)(1).

 Alternatively, Defendant argues if there was sufficient evidence of a violation of

 N.C.G.S. § 15A-1343(b)(1), he is entitled to a new probation revocation hearing

 because there was a violation of the right(s) to confrontation.

 1. Sufficiency of Evidence

¶ 17 First, Defendant argues it was error to revoke his probation for commission of

 new criminal offenses, namely sale, delivery and/or possession of illegal narcotics,

 because the evidence presented in this case was insufficient to both link Defendant

 with the substances seized from his home, and to show that any of the substances

 purportedly connected to him were actually cocaine. We disagree.

¶ 18 Relying on the United States Supreme Court decision in Gagnon v. Scarpelli,

 our Supreme Court has held “[a] probation revocation proceeding is not a formal

 criminal prosecution, and probationers thus have ‘more limited due process rights.’”

 State v. Murchison, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014) (quoting Gagnon

 v. Scarpelli, 411 U.S. 778, 789, 36 L. Ed. 2d 656, 666 (1973), superseded by statute,

 Parole Commission and Reorganization Act, Pub. L. No. 94-223, 90 Stat. 228 (1976)).

 “Consistent with this reasoning, [our Supreme Court has] stated that ‘a proceeding

 to revoke probation is not a criminal prosecution’ and is ‘often regarded as informal
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 or summary.’” Id. (quoting State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 479

 (1967)). In addition, “[f]ormal rules of evidence do not apply” in probation revocation

 hearings. N.C.G.S. § 15A-1345(e) (2019). “Similarly, our Rules of Evidence, other

 than those concerning privileges, do not apply in proceedings for ‘sentencing, or

 granting or revoking probation.’” Murchison, 367 N.C. at 464, 758 S.E.2d at 358

 (quoting N.C.G.S. § 8C-1, Rule 1101(b)(3) (2013)). Accordingly, the trial court has

 “great discretion to admit any evidence relevant to the revocation of [the] defendant’s

 probation.” Id. at 465, 758 S.E.2d at 359 (internal citations and marks omitted).

¶ 19 The following testimony occurred at Defendant’s probation revocation hearing:

 [THE STATE]: Lieutenant Thompson, on [12 March] 2018,
 at approximately 12:00 in the afternoon, did you and other
 detectives with the Narcotics Unit conduct a [purchase]
 with [Defendant] as the target?

 [LIEUTENANT THOMPSON]: Yes, ma’am.

 [DEFENSE COUNSEL]: Objection.

 THE COURT: Wish to be heard?

 [DEFENSE COUNSEL]: No.

 THE COURT: Overruled.

 [THE STATE]: Can you tell the [c]ourt about that?

 [LIEUTENANT THOMPSON]: Yes, ma’am. The source of
 information was met; searched; the vehicle was searched;
 given money from source buy funds; followed; watched go
 to [Defendant’s] target location; watched whenever they
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

left; followed back to the predetermined staging area. At
that point in time, they were searched again, along with
the conveyance, and the evidence was turned over to myself
by the source of information.

[THE STATE]: Were there source buy funds given to the
[paid informant] in this case?

[LIEUTENANT THOMPSON]: Yes, ma’am.

...

[THE STATE]: And did [the paid informant] return and
turn over any contraband or evidence to the detectives?

[LIEUTENANT THOMPSON]: Yes, ma’am.

[THE STATE]: And what was seized?

[LIEUTENANT THOMPSON]: A white powder substance.

[THE STATE]: Okay. And was that what was the agreed-
upon transaction between the [paid informant] and the
target, [Defendant]?

[LIEUTENANT THOMPSON]: Yes, ma’am.

...

[THE STATE]: Okay. All right. And can you tell the [c]ourt
about the second transaction.

[LIEUTENANT THOMPSON]: Yes, ma’am. [The paid
informant] was met, predetermined staging area outside
the town of Chadbourn; again, source of information,
vehicle was searched by myself; money was provided by --
from the source buy funds of $1,000[.00]. Again, the source
of information was followed to the target location; watched
turn in; watched when they left the target area; followed
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 back to the predetermined location. The evidence at that
 time was turned over to myself. The source of information
 and the vehicle were searched again.

 [THE STATE]: Okay. And was that evidence that was
 turned over to you consistent with what was discussed as
 to the buy concerning [Defendant]?

 [LIEUTENANT THOMPSON]: Yes ma’am.

 [THE STATE]: That it was prearranged that the [paid
 informant] was going to buy from [Defendant]?

 [LIEUTENANT THOMPSON]: Yes, ma’am.

 ...

 [LIEUTENANT THOMPSON]: . . . [Paid informant] went
 into the residence with [Defendant]. [Defendant] asked
 [the paid informant] what she needed. [The paid
 informant] advised two ounces of powder. [Defendant]
 then got the powder and told [the paid informant] that was
 all he had and also gave [the paid informant] some crack
 for $1,000[.00]. [The paid informant] also gave [Defendant]
 $1,000[.00] for the powder and the crack.

¶ 20 Through this testimony, the State presented sufficient evidence to link

 Defendant with the substances seized from his home. Lieutenant Thompson’s

 testimony illustrates the following facts: he executed two separate purchases between

 Defendant and the paid informant; the paid informant told him she purchased

 “powder and [] crack” from Defendant during the purchases; he obtained and executed

 a search warrant the day after the purchases at Defendant’s residence and seized

 three small off-white rocks from Defendant’s bathroom and $625.00 from Defendant’s
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 pants pocket; $500.00 of the $625.00 found in Defendant’s pants pocket matched the

 serial numbers of the money provided for the purchases; he searched the paid

 informant and the vehicle she rode in to meet Defendant before and after each

 purchase and confirmed the paid informant had no illegal substances on her person

 before the purchases occurred; and he followed the paid informant to and from

 Defendant’s residence and confirmed the paid informant made no stops.

¶ 21 While we agree with Defendant that the testimony as to “powder” and “off-

 white rocks” would not be sufficient, we hold the evidence as to “crack,” which was

 not opposed to on appeal, constituted sufficient evidence of a controlled substance,

 namely cocaine as defined in N.C.G.S. § 90-90. N.C.G.S. § 90-90(1)(d) (2019) (“The

 following controlled substances are included in [Schedule II controlled substances]: .

 . . [c]ocaine[.]”). The hearsay evidence of the paid informant was relevant for

 determining whether Defendant had violated a condition of his probation by

 committing a criminal offense. See N.C.G.S. § 15A-1343(b)(1) (2019). Lieutenant

 Thompson’s testimony was sufficient to show Defendant committed a new criminal

 offense, specifically the sale and/or delivery of cocaine in violation of N.C.G.S. § 90-

 95(a)(1). See N.C.G.S. § 90-95(a)(1) (2019) (making it unlawful “[t]o manufacture, sell

 or deliver, or possess with intent to sell or deliver, a controlled substance[.]”).

 2. Confrontation

 a. No Sixth Amendment Right
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

¶ 22 Defendant argues he has both a constitutional right to confrontation and a

 statutory right to confrontation. However, a Sixth Amendment right to confrontation

 in a probation revocation hearing does not exist. See State v. Braswell, 283 N.C. 332,

 337, 196 S.E.2d 185, 188 (1973) (holding a hearing to determine whether the terms

 of a suspended sentence have been violated is not a criminal prosecution and

 therefore protections of the Sixth Amendment are inapplicable to adult probation

 revocation proceedings). Defendant’s constitutional argument, to the extent it sounds

 in due process, collapses into his statutory argument below because N.C.G.S. § 15A-

 1345(e) codifies the due process requirements concerning confrontation in probation

 revocation hearings. See State v. Hunter, 315 N.C. 371, 377, 338 S.E.2d 99, 104 (1986)

 (“[N.C.G.S. § 15A-1345(e)] guarantees notice, bail, a preliminary hearing and a

 revocation hearing with counsel present. At the revocation hearing, the trial judge

 must make findings to support his decision on whether to revoke or extend probation.

 He must also make a summary record of the proceedings. . . . [T]he statute guarantees

 full due process before there can be a revocation of probation and a resulting prison

 sentence.”); see also N.C.G.S. § 15A-1345(e) (2019).

 b. Statutory Right

¶ 23 Defendant further argues the trial court erred in failing to find good cause

 before denying him an opportunity to confront and cross-examine Lieutenant

 Thompson’s paid informant, an adverse witness, as required by N.C.G.S. § 15A-
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 1345(e) and “asks this Court to vacate the judgments revoking probation and remand

 his case for a new revocation hearing.” As the trial court did not exercise its discretion

 in determining whether good cause exists for denying Defendant the right to confront

 the paid informant, we remand for reconsideration of the good cause issue.

¶ 24 N.C.G.S. § 15A-1345(e) provides that at a probation revocation hearing, a

 defendant “may confront and cross-examine adverse witnesses unless the [trial] court

 finds good cause for not allowing confrontation.” N.C.G.S. § 15A-1345(e) (2019).

 While N.C.G.S. § 15A-1345(e) confers upon a defendant a right to confrontation, it

 commits to the discretion of the trial court whether “good cause [exists] for not

 allowing confrontation.” N.C.G.S. § 15A-1345(e) (2019).

¶ 25 Lieutenant Thompson testified he oversaw two purchases in March 2018 with

 a paid informant. Before Lieutenant Thompson provided details about the purchases,

 Defendant objected to Lieutenant Thompson’s testimony:

 [DEFENSE COUNSEL]: Your Honor, objection. I realize
 the Rules of Evidence don’t apply in probation violation
 cases, but we do have some very fundamental
 constitutional rights, including due process, equal
 protection, and confrontation.

 And if [the State is] soliciting hearsay about a [purchase]
 from an officer who wasn’t present at the [purchase], it’s
 hearsay, and it denies [Defendant] the right to confront the
 accuser, who would be the person that allegedly bought the
 narcotics from [Defendant]. And that’s a fundamental
 problem.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 I recognize that -- but it’s just no right of confrontation to
 bring an officer in and say, [“]I know there was a [purchase]
 and so-and-so bought such and such from somebody.[”] I
 don’t believe that due process and equal protection -- even
 though we do know that the Rules of Evidence don’t apply
 to probation matters, it’s just a - - it’s a fundamental
 constitutional right.

The trial court overruled Defendant’s objection and Lieutenant Thompson began to

testify. Defendant objected again:

 [THE STATE:] And how much was given on that day at
 that time, the 12:00 hour?

 [LIEUTENANT THOMPSON:] At that time, $200[.00].

 [THE STATE:] $200[.00]. Okay. And that [paid informant]
 was whom?

 ...

 [LIEUTENANT THOMPSON:] [Paid informant’s name].

 [THE STATE:] And [the paid informant], she was searched
 before and after the [purchase]?

 [LIEUTENANT THOMPSON:] Yes, sir -- I mean, yes,
 ma’am.

 [THE STATE:] And the vehicle that she rode in was
 searched before and after?

 [LIEUTENANT THOMPSON:] Yes, ma’am.

 [THE STATE:] And did she return and turn over any
 contraband or evidence to the detectives?

 [LIEUTENANT THOMPSON:] Yes, ma’am.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 [THE STATE:] And what was seized?

 [LIEUTENANT THOMPSON:] A white powder substance.

 [THE STATE:] Okay. And was that what was the agreed-
 upon transaction between the [paid informant] and the
 target, [Defendant]?

 [LIEUTENANT THOMPON:] Yes, ma’am.

 [DEFENSE COUNSEL]: Objection. That’s hearsay.

 THE COURT: Hearsay is admissible. Overruled.

 [DEFENSE COUNSEL]: By the confrontation, Your
 Honor; we don’t have this lady here to confront.

 THE COURT: State v. Murchison. Again, understanding
 the nature of these proceedings, the [trial court] overrules
 the objection.

¶ 26 The State, in reliance on State v. Jones, 269 N.C. App. 440, 838 S.E.2d 686

 (2020),2 contends Defendant did not request testimony from the paid informant or

 subpoena the paid informant to testify at the probation revocation hearing. However,

 we need not extend the rationale of Jones where, as here, there is no evidence to

 suggest Defendant knew the State would be offering testimony involving a paid

 informant, nor is there any evidence in the Record to suggest Defendant knew the

 2 A petition for discretionary review has been filed and is currently pending before the

 North Carolina Supreme Court, No. 85P20.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 paid informant existed.3 Further, without knowledge of the paid informant’s identity,

 Defendant would have no way to issue a subpoena, let alone serve one, or request the

 trial court to issue a material witness order in accordance with N.C.G.S. § 15A-803.

 See N.C.G.S. § 15A-803(a) (2019) (“A judge may issue an order assuring the

 attendance of a material witness at a criminal proceeding. This material witness

 order may be issued when there are reasonable grounds to believe that the person

 whom the State or a defendant desires to call as a witness in a pending criminal

 proceeding possesses information material to the determination of the proceeding and

 may not be amenable or responsive to a subpoena at a time when his attendance will

 be sought.”). Such an application of Jones would be in direct conflict with general

 principles of due process.

¶ 27 We believe the trial court’s denial of Defendant’s objection because of “the

 nature of these proceedings” was an indication that it did not exercise its discretion

 to decide whether good cause exists under the facts of this case. See State v. Lang,

 301 N.C. 508, 510-11, 272 S.E.2d 123, 125 (1980) (holding the trial court judge did

 not exercise his discretion when he denied the jury’s request for a transcript by

 stating “the transcript is not available to the jury”). Based on the Record before us,

 we cannot determine whether the trial court abused its discretion in determining

 3 The Concurrence discusses a “search warrant,” which is not included in the Record

 on appeal.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 whether good cause exists because the trial court did not exercise its discretion to

 begin with.

¶ 28 Lieutenant Thompson’s paid informant was an adverse witness who did not

 testify. Pursuant to N.C.G.S. § 15A-1345(e), the trial court was required to make a

 finding of good cause before denying Defendant’s statutory right to confront and

 cross-examine an adverse witness. N.C.G.S. § 15A-1345(e) (2019); see State v.

 Morgan, 372 N.C. 609, 616, 831 S.E.2d 254, 259 (2019) (“[W]hen the General

 Assembly has inserted the phrase ‘the court finds’ in a statute setting out the

 exclusive circumstances under which a defendant’s probation may be revoked, the

 specific finding described in the statute must actually be made by the trial court and

 such a finding cannot simply be inferred from the record.”). The trial court’s ruling

 contained no findings referencing the existence of good cause and it is unclear from

 the face of the Record whether the trial court required a showing of good cause when

 it denied Defendant the right to confront the paid informant. We are unable to

 determine if the trial court abused its discretion in determining whether good cause

 exists for not allowing confrontation, and we must remand to the trial court for

 consideration of the issue. On remand, the trial court shall exercise its discretion in

 determining whether good cause exists for not allowing Defendant to confront and

 cross-examine the paid informant, and make findings in accordance with the

 requirements of N.C.G.S. § 15A-1345(e).
 STATE V. HEMINGWAY

 2021-NCCOA-352

 Opinion of the Court

 CONCLUSION

¶ 29 We reverse that portion of the order finding Defendant’s positive drug test was

 an adequate ground for revoking his probation. Defendant’s probation could only be

 revoked for a violation of N.C.G.S. § 15A-1343(b)(1). There was sufficient evidence

 linking Defendant to the substances involved in the purchase and identifying the

 substances as illegal narcotics, and for the trial court to find Defendant was in

 violation of N.C.G.S. § 15A-1343(b)(1). The trial court did not abuse its discretion in

 revoking Defendant’s probation on those grounds.

¶ 30 However, the trial court did not exercise its discretion when it did not make

 any findings related to good cause. As the trial court did not make specific findings

 that denying Defendant the right to confront the paid informant was because of good

 cause, we remand for further findings pursuant to N.C.G.S. § 15A-1345(e).

 REVERSED IN PART; VACATED AND REMANDED IN PART.

 Judge DIETZ concurs.

 Judge TYSON concurs in part and concurs in the result in part with separate

 opinion.
 No. COA20-24 – State v. Hemingway

 TYSON, Judge, concurring in part and concurring in the result in part.

¶ 31 The majority’s opinion correctly concludes Defendant did not show any abuse

 in the trial court’s discretion when it found and concluded Defendant had committed

 new crimes and revoked Defendant’s probation in violation of N.C. Gen. Stat. § 15A-

 1343(b)(1)(2019). Sufficient evidence in the record supports the finding and

 conclusion Defendant committed new criminal offenses in violation of that statute. I

 concur with these conclusions of the majority’s opinion. I also concur with the

 majority’s opinion, which correctly concludes Defendant’s constitutional argument is

 frivolous.

¶ 32 I also conclude the trial court properly denied Defendant’s untimely motion to

 cross-examine law enforcement’s confidential informant (“CI”) at his probation

 violation hearing. The revocation of Defendant’ probation based upon his commission

 of new criminal acts and charges is properly affirmed, even without Sheriff’s

 Lieutenant Thompson’s (“Lt. Thompson”) testimony, much less the testimony of the

 CI. Although unnecessary, to affirm Defendant’s revocation, I concur in the result to

 remand for the trial court to enter its “good cause” finding.

¶ 33 Defendant pled guilty to possession with the intent to sell or deliver marijuana

 in August 2017. He was sentenced to a term of eight to nineteen months in prison,

 which was suspended, and he was placed upon 24 months of supervised probation.

 In March 2018, April 2018, and June 2019, his probation officer filed reports citing

 multiple violations. The first violation alleged Defendant had failed to pay scheduled
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

 fees and had accrued new drug charges. The second violation report alleged he had

 tested positive for cocaine and had illegally possessed the same. The third violation

 alleged he failed to report for required appointments and was charged with additional

 criminal charges. A probation violation hearing was held in August 2019. Defendant

 denied the allegations in the reports.

¶ 34 At the violation hearing, Defendant’s probation officer testified regarding his

 positive drug tests, the new criminal charges, and the other violations. Lt. Thompson

 testified regarding two controlled sales and buys between Defendant and a CI. Lt.

 Thompson did not witness either of the drug sales. Based upon the information

 obtained through the controlled buys, he secured a search warrant for Defendant’s

 home. Lt. Thompson met with and searched the CI’s vehicle before and following the

 scheduled buys. After he searched the informant’s vehicle, he retrieved the leftover

 marked money, three white rocks, and a bag of a leafy green substance. The State

 did not call either the CI or the SBI analyst to testify at the violation hearing. Neither

 witness was subpoenaed by Defendant.

¶ 35 Defendant objected to Lt. Thompson’s testimony regarding hearsay from the

 CI and to the drug lab results. The trial court overruled Defendant’s hearsay

 objection, but it sustained his objection to the lab results. Lt. Thompson testified,

 based on his training and experience, the leafy green substance recovered was

 marijuana.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

¶ 36 The trial court found Defendant had willfully violated the conditions of his

 probation as was alleged in the March report by committing new criminal offenses of

 selling and possessing illegal narcotics. The court also independently found

 Defendant had willfully violated his probation as alleged in the April report by testing

 positive for illegal drugs. The court dismissed his remaining violations and orally

 revoked Defendant’s probation on the basis Defendant had committed new criminal

 offenses. The written order entered recited alternative bases to revoke and activate

 Defendant’s suspended sentences. Defendant timely appealed.

 I. Issue

¶ 37 The issue in this case is whether the trial court’s ruling should be affirmed

 based upon Defendant’s waivers and failure to subpoena witnesses, and this Court’s

 precedential opinion and conclusion in State v. Jones, 269 N.C. App. 440, 445, 838

 S.E.2d 686, 690 (2020).

 II. Analysis

¶ 38 “A proceeding to revoke probation is not a criminal prosecution.” State v.

 Duncan, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). N.C. Gen. Stat. § 15A-1345(e)

 gives a probationer a right to confrontation at a revocation hearing, but it leaves the

 trial court with discretion to determine whether “good cause” exists for not allowing

 confrontation. N.C. Gen. Stat. § 15A-1345(e) (2019). The trial court properly

 exercised its discretion when it denied Defendant’s untimely motion.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

¶ 39 The State must present competent evidence tending to show a defendant’s

 failure to comply with the terms and conditions of probation to support the trial

 court’s conclusion the defendant has committed a violation that warrants revocation

 under the statute. State v. Terry, 149 N.C. App. 434, 437, 562 S.E.2d 537, 540 (2002).

 “Once the State has presented competent evidence establishing a defendant’s failure

 to comply with the terms of probation, the burden is on the defendant to demonstrate

 through competent evidence an inability to comply with the terms.” Id. at 437–38,

 562 S.E.2d 540.

¶ 40 “If the trial court is then reasonably satisfied that the defendant has violated

 a condition upon which a prior sentence was suspended, it may within its sound

 discretion revoke the probation.” Id. at 438, 562 S.E.2d 540.

¶ 41 N.C. Gen. Stat. § 15A-1345(e) is a statutory codification of the probationer’s

 due process right. A probationer’s failure to compel or subpoena a witness to attend

 the violation hearing and be available to testify constitutes a waiver of the statutory

 right to confrontation. Terry, 149 N.C. App. at 438, 562 S.E.2d 540 (the defendant

 did not at any stage in the proceedings request her professor be subpoenaed nor did

 defendant suggest the professor had additional information other than what the

 professor had already reported to the probation officer).

¶ 42 This case is controlled by this Court’s precedential holding in State v. Jones,

 269 N.C. App. at 445, 838 S.E.2d at 690. In Jones, the trial court revoked defendant’s
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

 probation and activated his suspended sentences after finding the defendant had

 willfully violated probation by committing new crimes. Id.

¶ 43 The defendant in Jones pled guilty to possession of a firearm by a felon and

 discharging a weapon into occupied property. Id. at 441, 838 S.E.2d at 687. His

 sentence was suspended, and he was placed on thirty-six months’ supervised

 probation. Id. at 441, 838 S.E.2d at 688. Less than a year later, officers investigating

 potential criminal activity observed defendant outside a store for about an hour and

 followed his car. Id. The officers conducted a traffic stop after defendant exceeded

 the speed limit. He failed to present identification after an officer asked him to exit

 the vehicle. Id.

¶ 44 The officer observed and recovered a handgun from inside the vehicle, and

 placed the defendant under arrest. Id. at 441-42, 838 S.E.2d at 688. Defendant Jones

 filed a motion to suppress. Id. at 443, 838 S.E.2d at 688. The arresting officer

 testified, and the trial court denied Jones’ motion. Id. at 443, 838 S.E.2d at 689. A

 probation violation report was filed, alleging he had willfully violated probation by

 absconding and committing new crimes. Id. at 442, 838 S.E.2d at 688.

¶ 45 At the defendant’s probation violation hearing, the trial court allowed the

 transcript of the law enforcement officer’s testimony from the suppression hearing to

 be introduced and admitted. Id. at 443, 838 S.E.2d at 688. The defendant appealed

 and asserted his due process right to confrontation was violated when the officer
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

 whose testimony was used against him was not physically present at his probation

 violation hearing and “good cause” did not exist justifying the officer’s absence. Id.

¶ 46 This Court affirmed the trial court’s ruling to revoke the defendant’s probation.

 Id. at 445, 838 S.E.2d at 690. Nothing in the record showed the defendant in Jones

 had subpoenaed the officer to compel his attendance under N.C. Gen. Stat. § 15A-

 1345(e) or otherwise sought to assure the officer’s presence at the revocation hearing.

 Id. at 445, 838 S.E.2d at 689. The transcript of the officer’s testimony offered by the

 State was held to be competent evidence and was properly admitted to show the

 defendant had committed new crimes in violation of his probation. Id.

¶ 47 Here, the facts are similar to those in Jones. Both defendants were afforded

 their statutory due process rights at their probation violation hearings: (1) to have

 evidence against them disclosed; (2) the opportunity to appear and speak on their

 own behalf; and (3) to present relevant evidence under N.C. Gen. Stat. § 15A-1345(e).

¶ 48 Concerning probationers’ statutory confrontation rights, the trial court retains

 discretion to determine “good cause” for not allowing confrontation. N.C. Gen. Stat §

 15A-1345(e). Both the defendants here and in Jones had the ability to subpoena the

 State’s or their own witnesses but failed to do so. Neither defendant demanded nor

 objected to a lack of an express finding for “good cause” by the trial court, another

 waiver of that right.
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

¶ 49 The State, in both cases, presented sufficient evidence to support the trial

 court’s conclusions the defendants had committed new crimes. This Court, in Jones,

 found the State had shown competent evidence establishing defendant’s violation by

 proof of the new criminal charges and the transcript of the officer’s testimony from

 the suppression hearing. Jones, 269 N.C. App. at 445, 838 S.E.2d at 690. The trial

 court properly acted within its discretion to revoke that defendant’s probation. Id. at

 444, 838 S.E.2d at 690.

¶ 50 Here, the trial court found Defendant had committed new criminal acts and

 charges had been filed against him. The probation officer’s testimony of Defendant’s

 new crimes was sufficient to meet the competent evidence standard under N.C. Gen.

 Stat. § 15A-1345(e) to revoke Defendant’s probation. The majority’s opinion suggests

 no evidence shows Defendant knew the State could potentially offer testimony

 involving the CI or that the CI even existed to justify the remand.

¶ 51 This notion is contradicted by the filed and served probation violation reports

 and Defendant’s underlying knowledge of the basis of the new charges filed against

 him. Defendant was made aware of the nature of the charges brought against him

 through the warrant to search his home based upon the controlled buys with the CI

 and the subsequent felony charges and indictments served upon him.

¶ 52 The majority’s opinion correctly concludes Defendant’s constitutional

 argument is frivolous. A probation violation hearing is not a criminal prosecution,
 STATE V. HEMINGWAY

 2021-NCCOA-352

 TYSON, J., concurring

 and a constitutional right to confrontation in a revocation hearing does not exist.

 State v. Braswell, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973) (citation omitted).

 Although N.C. Gen. Stat. § 15A-1345(e) allows the trial court to make a finding of

 “good cause” to deny the opportunity for confrontation, the statute does not require

 the court to do so to avoid reversible error, particularly where a defendant has the

 burden on appeal to show prejudice, failed to subpoena the witness, or has waived his

 rights by failure to object. See Jones, 269 N.C. App. at 444, 838 S.E.2d at 690.

¶ 53 Even if Defendant had timely objected, he has failed to show any prejudice as

 the trial court correctly found the State had provided competent evidence based upon

 the violation reports, the probation officer’s testimony, and the new criminal charges

 alone. Lt. Thompson’s testimony, much less any appearance by the CI, was

 unnecessary to the other competent evidence admitted to uphold Defendant’s

 revocation. See Jones, 269 N.C. App. at 445, 838 S.E.2d at 689. Defendant’s

 arguments are without merit.

 III. Conclusion

¶ 54 Defendant failed to subpoena witnesses, waived any objection, and has not

 carried his burden to show prejudice. This Court’s ruling in Jones is binding

 precedent upon these facts and the order entered. In re Civil Penalty, 324 N.C. 373,

 384, 379 S.E.2d 30, 37 (1989). The trial court did not err by revoking his probation

 and activating his suspended sentence. The order is properly affirmed.